UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT


ANGELIINA LYNN LAWSON,

Plaintiff–Appellant,

v.

ANDREW BOLTON, et al.,

Defendants–Appellees.

Appeal No. 25-3167

(D. Kan. Case No. 2:25-cv-02251-JWB-TJJ)


APPELLANT'S RESPONSE TO SHOW CAUSE ORDER

(Filed Pursuant to 10th Cir. R. 27.3(B))

# I. INTRODUCTION

This Court has directed Appellant to show cause why her interlocutory appeal should not be dismissed for lack of jurisdiction under 28 U.S.C. § 1291. While the August 22, 2025 order (Dkt. 14) denying issuance of summons was styled "without prejudice," the district court has since refused to rule on any subsequent emergency motions, withheld service of process for over 143 days after granting in forma pauperis status, and left the case in indefinite paralysis.

The U.S. Constitution guarantees not only access to court but to a neutral and functioning court under Article III, § 1, and to a decision on the merits under the Fifth and Fourteenth Amendments. The continued silence of the district court violates Appellant's First Amendment right to petition, Seventh Amendment jury right, and the equal protection clause of the Fourteenth Amendment.

Appellant respectfully submits that this judicial inaction constitutes a final, appealable decision under § 1291 because it effectively denies access to court. In the alternative, this Court should treat the notice of appeal as a petition for extraordinary mandamus relief under 28 U.S.C. § 1651, as no other adequate remedy exists to protect Appellant's constitutional and statutory rights.

# II. ARGUMENT

A. Constructive Finality Under § 1291

1. Denial of Access Equals Final Decision

   The Supreme Court has long held that due process guarantees a "meaningful opportunity to be heard at a meaningful time." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982). Here, the district court's refusal to issue summons or act on pending motions has deprived Appellant of any judicial forum. The 147 day delay to issue summons, coupled with non-ruling on all dispositive motions, reflects not mere docket congestion but an institutional evasion of federal oversight. The Tenth Circuit is the only venue now capable of restoring due process and lawful supervision of a collapsed lower court process.

In *Gutierrez v. Saenz*, 606 U.S. __ (2025), the Court condemned procedural sleight-of-hand whereby access is granted "with one hand and withdrawn with the other." That is exactly what occurred here: the district court granted IFP status on May 15, 2025, yet has withheld service and refused to adjudicate emergency filings.

2. Case Law Recognizes Constructive Finality

   Where district court inaction renders judicial review effectively unavailable, appellate courts may exercise jurisdiction notwithstanding the absence of a

conventional final judgment. See *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541 (1949) (collateral order doctrine); *United States v. Nixon*, 418 U.S. 683, 690-92 (1974). The indefinite denial of summons here is functionally dispositive: without service, Appellant can never proceed to discovery, hearing, or judgment.

3. Irreparable Harm to a Disabled Minor

   The harm in this case is not speculative, procedural, or academic it is ongoing, constitutional, and life-altering. Appellant's minor child, D.L., is a medically documented child with a disability. He was previously receiving prescribed therapeutic care and medication under a crisis treatment plan at The Guidance Center. This care was unilaterally terminated by the father who removed D.L. from all known treatment providers, isolating him from mandated reporters and severing his access to medication. This was done without court order, medical justification, or maternal consent, and in direct defiance of D.L.'s prior therapeutic protocol. Despite this, the U.S. District Court has refused to take any action. Summons has been withheld since May 6, 2025, and no emergency motion including a Temporary Restraining Order (Dkt. 18) and Motion for Protective Reassignment (Dkt. 15) has been adjudicated. These filings contain verified allegations and medical

documentation showing that D.L. is being denied treatment and is regressing both psychological, physically, emotionally and academically.

Further, the appointed therapists Darrell Robinson, Malique Taylor, and others have refused to comply with state level subpoenas, violating Rule 45 and triggering Rule 37(e)(2) spoliation presumptions. Their logs, therapy notes, treatment plans and communications are being destroyed or withheld under the protection of the district court's silence. Each day that summons is withheld, this obstruction metastasizes. The court-appointed GAL, Andrew Bolton, has already orally withdrawn as of May 8, 2025, yet continues to impersonate a state officer, interfere with police investigations, and insert himself in therapeutic decisions again, without legal authority. Appellant has filed multiple notices documenting Bolton's misconduct (Dkts. 9, 12, 17) and criminal investigation, yet the Court has issued no orders limiting or investigating his conduct.

This is not a delay in docket management. It is institutional complicity in harm to a vulnerable child, who is disabled, unable to self-advocate, and currently under the influence of hostile actors protected by court inaction. The Parental Liberty Interest recognized in *Troxel v. Granville*, 530 U.S. 57

(2000), and the due process protections of *Stanley v. Illinois*, 405 U.S. 645 (1972), are being obliterated under color of procedural avoidance.

In this context, each day of judicial silence deepens the injury, not only to Appellant, but to a disabled minor whose physical, medical, and psychological needs are being actively denied. The result is irreparable: lost developmental time, destroyed records, and the entrenchment of unlawful custody and coercive control over a child in need of protection.

This is why the district court's silence must be construed as a final denial of rights under 28 U.S.C. § 1291, or alternatively, this Court must intervene under its extraordinary mandamus jurisdiction. Federal appellate oversight is no longer discretionary it is the only remaining safeguard for a child now deprived of constitutional protections under the Americans with Disabilities Act, the Due Process Clause, and long-settled common law.

B. Mandamus Relief Under the All Writs Act (§ 1651)

If this Court concludes that § 1291 jurisdiction is lacking, it should construe the notice of appeal as a petition for mandamus. *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 359 (5th Cir. 2018) appeals courts may recharacterize filings to avoid unjust dismissal.

Under *Tennessee v. Lane*, the ADA requires not only architectural but procedural access. Here, Appellant, a person with a documented communication disability, has been denied every procedural mechanism. In *United States v. Georgia*, the Court confirmed that Title II of the ADA reaches conduct by judicial officers when it denies equal court access.

Mandamus is appropriate where:

1. The petitioner has no other adequate remedy;
2. The right to relief is "clear and indisputable"; and
3. Issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004).

All three factors are met here:

- Appellant has no remedy in the district court, which has refused to act.
- The right to ADA access, due process, and Rule 4(c)(3) service after IFP is clear.
- Intervention is appropriate to prevent further harm to a disabled minor and to preserve judicial integrity.

III. CONCLUSION

The Court must consider that *ubi jus ibi remedium* where there is a right, there must be a remedy. The doctrine *actus curiae neminem gravabit* prohibits judicial delay from harming a party. Appellant has been deprived of every mechanism to advance her case, including summons, discovery, rulings, and ADA participation. No one can be compelled to comply with a process that has been denied *lex non cogit ad impossibilia*.

For the foregoing reasons, this Court should:

1. Hold that appellate jurisdiction exists under 28 U.S.C. § 1291 by reason of constructive finality and proceed with this appeal; or
2. In the alternative, construe this appeal as a petition for writ of mandamus under 28 U.S.C. § 1651 and grant appropriate relief compelling the district court to issue summons, rule on pending motions, and restore Appellant's access to an Article III forum and preserves all rights for supervisory appeal to the United States Supreme Court under 28 U.S.C. § 1254(1).

IV. PRESERVATION OF RIGHTS

Appellant provides this jurisdictional response under protest of the district court's continuing paralysis and reserves all rights to pursue additional relief if this Court summarily dismisses the appeal. Specifically:

1. Petition for Emergency Supervisory Mandamus will be filed with full record documentation if the Court declines jurisdiction under § 1291.
2. Appellant also reserves the right to seek certiorari review to the United States Supreme Court under 28 U.S.C. § 1254(1), as the question of whether judicial inaction can constitute a final decision is one of national importance and recurring pattern in cases involving ADA litigants.
3. Appellant preserves all objections under Article III, § 1, the Seventh Amendment, and the First Amendment right to petition, as well as rights protected by the Americans with Disabilities Act Title II, which are being denied by structural obstruction in the lower court.
4. No waiver of rights or remedies is made by submitting this response.

Respectfully submitted,  Dated: September 30, 2025

/s/ Angeliina Lynn Lawson

Pro Se Appellant

(Address on file)

CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2025, I electronically filed the foregoing Appellant's Response to Show Cause Order with the Clerk of the United States Court of Appeals for the Tenth Circuit via CM/ECF.

I further certify that, to date, the U.S. District Court for the District of Kansas has not issued summons in the underlying case (No. 2:25-cv-02251-JWB-TJJ), despite granting in forma pauperis status on May 15, 2025. As such, no Defendant has been formally served with process and no opposing counsel has appeared in the lower court or on appeal.

Accordingly, this submission is served only upon the Clerk of the Court at this time pursuant to Fed. R. App. P. 25(d) and Tenth Circuit Rule 25.3(B).

Respectfully submitted,  Dated: September 30, 2025

/s/ Angeliina Lynn Lawson
Pro Se Appellant