FILED  
United States Court of Appeals  
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

October 10, 2025

_____

Christopher M. Wolpert  
Clerk of Court

ANGELIINA LYNN LAWSON,

    Plaintiff - Appellant,

v.

ANDREW BOLTON; THE BOLTON LAW FIRM, LLC; DARRELL ROBINSON; NEISHA MISER; MALIQUE TAYLOR; JENNIFER AGREE; DAN LIVINGSTON; LIVINGSTON CENTER, LLC; DR. RODNEY MCNEAL; BOARD OF COUNTY COMMISSIONERS OF ANDERSON COUNTY, KANSAS,

    Defendants - Appellees.

No. 25-3167  
(D.C. No. 2:25-CV-02251-JWB-TJJ)  
(D. Kan.)

_____

**ORDER**

_____

Before **McHUGH**, **EID**, and **FEDERICO**, Circuit Judges.

_____

    This matter is before the court on: (1) the jurisdictional show cause order it issued on September 26, 2025, directing pro se plaintiff-appellant Angeliina Lawson to file a written response setting forth any basis for this court's exercise of jurisdiction over this appeal [CTA10 Dkt. No. 2]; (2) Ms. Lawson's initial response [CTA10 Dkt. No. 9]; and (3) her second response [CTA10 Dkt. No. 10]. Upon consideration of these filings, the district court docket, and the applicable law, the court dismisses the appeal for the reasons set forth below.

Ms. Lawson filed the action underlying this appeal in which she alleged eleven causes of action arising from her state-court child custody proceedings in Anderson County, Kansas District Court (Case No. 2020-DM-000131). [*See* DC Dkt. No. 1]. Magistrate Judge Teresa J. James granted Ms. Lawson leave to proceed *in forma pauperis*, but withheld service of process pending the district court's initial review of her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DC Dkt. No. 7].

In denying immediate service of process, Judge James noted that: (1) "pre-service review of the Complaint is appropriate as it appears this Court may lack subject matter jurisdiction as Plaintiff's allegations and causes of action arise from her state-court child custody proceedings;" and (2) "[p]re-service review is further justified because Plaintiff has recently filed three other cases in the District of Kansas, all of which relate to her state-court proceedings." [*See* DC Dkt. No. 7 at 2 & n.5 (citing *Lawson v. Kansas Dep't of Children and Families*, No. 25-cv-2171-JWB-TJJ (D. Kan. Apr. 2, 2025); *Lawson v. Godderz, et al.*, No. 25-cv-2199-JWB-TJJ (D. Kan. Apr. 14, 2025); *Lawson v. Lawson*, No. 25-cv-4045-DDC-TJJ (D. Kan. May 2, 2025); *Lawson v. Bolton, et al.*, No. 25-cv-2251-JWB-TJJ (D. Kan. May 6, 2025)].

Ms. Lawson then filed a motion to compel the district court to issue summonses and direct the U.S. Marshals Service to effect service of process on all named defendants pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d). Judge James denied the motion to compel service without prejudice because the district court had not yet completed its pre-service review of Ms. Lawson's complaint. [DC Dkt. No. 14].

Ms. Lawson filed an interlocutory appeal seeking to challenge the district court's order denying her motion to compel service.

Upon opening of the appeal, the court issued a jurisdictional show cause order directing Ms. Lawson to address whether the court had appellate jurisdiction over her appeal. [CTA10 Dkt. No. 2]. Ms. Lawson filed a timely response, in which she argues that the district court's order "constitutes a final, appealable decision under § 1291 because it effectively denies access to court." [CTA10 Dkt. No. 9 at 2]. Ms. Lawson later filed supplemental response in which she argues that the court has jurisdiction to review Judge James's order under the collateral order doctrine. [CTA10 Dkt. No. 10 at 5]. In the alternative, Ms. Lawson requests that the court treat her notice of appeal as a petition for mandamus relief. [CTA10 Dkt. No. 9 at 6-8].

### I. The District Court's Order Denying Ms. Lawson's Motion to Compel Service Is Not Appealable Under 28 U.S.C. § 1291

The order Ms. Lawson seeks to appeal is not final for at least two reasons. First, absent consent of the parties, "a magistrate judge may not issue a final order directly appealable to the court of appeals." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Rather, the review of any pretrial matter a magistrate judge decides lies with the district court judge in the first instance. *See* 28 U.S.C. § 636(b)(1)(A) (providing that a district court judge "may reconsider any pretrial matter" a magistrate judge decides under that subsection); Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a magistrate's final] order [on a non-dispositive matter] within 14 days after being served with a copy."). Ms. Lawson did not ask the district court judge to review Judge James's

3

order denying her motion to compel service. Accordingly, Judge James's order is not directly appealable. *See Hutchinson*, 105 F.3d at 566.

Second, this court's jurisdiction is generally limited to appeals from final decisions that end the litigation on the merits and leave nothing for the court to do but execute the judgment. 28 U.S.C. § 1291; *see also Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005). Here, however, the district court has not entered a final order or judgment dismissing the case. Instead, the case in the district court remains pending. *See Norton*, 396 F.3d at 1286; *Albright v. Unum Life Ins. Co.*, 59 F.3d 1089, 1092 (10th Cir. 1995) ("Under § 1291, we have jurisdiction only over 'final' decisions of the district court—that is, those decisions that leave nothing for the court to do but execute judgment." (citation and internal quotation marks omitted)).

In addition, Judge James denied Ms. Lawson's motion to compel service of process "without prejudice" to renewal once the district court has completed its pre-service review of Ms. Lawson's complaint pursuant to 28 U.S.C. § 1915(e)(2). That means Ms. Lawson may renew her motion if the district court does not fully dismiss her complaint following its initial review. [*See* DC Dkt. No. 14 (citing § 1915(e)(2) (requiring the district court to "dismiss the case at any time" if it determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); *Nietzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that dismissals under § 1915(e)(2) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering"))].

Because the order Ms. Lawson seeks to appeal is an order issued by a magistrate judge "without prejudice" and the case underlying this appeal remains pending, the district court's order denying her motion to compel service is not a final order that is appealable under 28 U.S.C. § 1291.

II.   **The District Court's Order Denying Ms. Lawson's Motion to Compel Service Is Not Appealable Under The Collateral Order Doctrine**

In her supplemental response, Ms. Lawson argues that, even if Judge James's order is not appealable as a final order, it is nonetheless appealable under the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). "To establish jurisdiction under the collateral order doctrine, [Ms. Lawson] must establish that the district court's order (1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the case, and (3) is effectively unreviewable on appeal from a final judgment." *Gray v. Baker*, 399 F.3d 1241, 1245 (10th Cir. 2005) (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989)).

Here, however, Judge James's order denying Ms. Lawson's motion to compel service of the complaint without prejudice did not conclusively determine whether the district court will direct service following completion of its initial screening of Ms. Lawson's complaint. *See* § 1291. Therefore, the collateral order doctrine does not apply. *See Gray*, 399 F.3d at 1245. The court finds Ms. Lawson's arguments to the contrary unavailing.

### III. The District Court's Order Denying Ms. Lawson's Motion to Compel Service Is Not Appealable Under 28 U.S.C. § 1292

In addition to the review of final orders and judgments, this court has jurisdiction to review interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." *See* 28 U.S.C. § 1292(a)(1). However, an order "by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988). Accordingly, Judge James's order denying Ms. Lawson's motion to compel service is likewise not appealable under § 1292(a)(1).

### IV. Denial of a Motion for Service Under the IFP Statute Does Not Violate Access to the Courts

Ms. Lawson argues that, even failing jurisdiction under §§ 1291 or 1292, Judge James's order is nonetheless appealable because it violates her right to access to the courts. As with Ms. Lawson's other arguments, this argument is unsupported by law or the circumstances of this case.

Although permission to proceed in forma pauperis triggers the district court's duty "to serve process for the plaintiff" under 28 U.S.C. § 1915(d), *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003), 28 U.S.C. § 1915(e)(2) permits the district court to screen complaints for merit prior to proceeding to service and, indeed, encourages such an approach where feasible. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that dismissals under the IFP statute "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of

answering"); *White v. Kansas Dep't of Corr.*, 664 F. App'x 734, 743 (10th Cir. 2016) (finding "no error in the discretionary sequencing [the district court] employed in resolving this matter;" *i.e.*, screening the complaint before authorizing service of process); *see also Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

Allowing the district court to review a complaint under § 1915(e)(2) does not deny access to the courts because it does not prevent a litigant from bringing a meritorious complaint; rather, it provides for dismissal of a meritless complaint, which dismissal is reviewable on appeal following judgment. *See, e.g.*, *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

> V. **The Court Denies Ms. Lawson's Alternative Request to Construe This Appeal as a Petition for Writ of Mandamus**

Finally, in the alternative to her jurisdictional arguments, Ms. Lawson asks this court to "construe this appeal as a petition for writ of mandamus under 28 U.S.C. § 1651 and grant appropriate relief compelling the district court to issue summons, rule on pending motions, and restore [her] access to an Article III forum."

The court notes both that "[m]andamus may not be used as a substitute for appeal," *see John E. Burns Drilling Co. v. Cent. Bank of Denver*, 739 F.2d 1489, 1493 (10th Cir. 1984) and that Ms. Lawson has filed a mandamus petition seeking to compel service of process in a separate district court case where the district court "stay[ed] service of process after granting in forma pauperis status." *See In re Lawson*,

No. 25-3158 [CTA10 Dkt. No. 1]. Should Ms. Lawson elect to seek mandamus relief in the case underlying this appeal, she bears the burden to show that her "right to the writ is clear and indisputable." *Calderon v. United States Dist. Court*, 103 F.3d 72, 74 (9th Cir. 1996) (citation omitted); *see also Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (per curiam) (holding that, where a decision is within the district court's discretion, "it cannot be said that a litigant's right to a particular result is 'clear and indisputable'").

Here, however, there is no proper petition for extraordinary relief before the court. Accordingly, the court denies Ms. Lawson's request to construe her appeal as a petition for writ of mandamus under § 1651. Nothing in this order precludes Ms. Lawson from filing a proper petition for mandamus should future circumstances warrant.

    **APPEAL DISMISSED. REQUEST TO CONSTRUE APPEAL AS PETITION FOR WRIT OF MANDAMUS DENIED.**

                              Entered for the Court

                              CHRISTOPHER M. WOLPERT, Clerk