IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Case No. 25-3167

Angeliina Lynn Lawson,

Appellant

v.

Andrew Bolton, et al.,

Appellees

On Appeal from the U.S. District of Kansas

Case No. 2:25-cv-02251-JWB-TJJ

District Judge Broomes and Magistrate Judge James

# PETITION FOR EN BANC REHEARING UNDER FED. R. APP. P. 35 AND 10TH CIR. R. 35.1

Pursuant to Federal Rule of Appellate Procedure 35(a) and Tenth Circuit Rule 35.1, Appellant Angeliina Lynn Lawson respectfully petitions for en banc rehearing of the Court's October 10, 2025 order dismissing this appeal for lack of jurisdiction. This case presents both a question of exceptional public importance and a panel decision that conflicts with controlling precedent and constitutional

guarantees, including those under the ADA, First and Fourteenth Amendments, and 28 U.S.C. § 1291.

## I. STATEMENT OF THE ISSUE

Whether the district court's prolonged refusal to issue summons or adjudicate pending dispositive motions after granting IFP status constitutes a constructive final judgment under 28 U.S.C. § 1291 and the collateral-order doctrine, when such paralysis results in the complete denial of access to court for a pro se ADA litigant asserting constitutional and civil rights violations involving a disabled child.

## II. GROUNDS FOR EN BANC REVIEW

### A. The Panel's Decision Conflicts with Supreme Court and Circuit Precedent on Finality and Access to Court

The panel held that the magistrate judge's denial of Appellant's motion to compel service was not a final, appealable order and did not qualify under the collateral-order doctrine. However, that decision ignores well-established precedent recognizing that constructive finality may arise where judicial inaction effectively terminates litigation. See *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152 (1964);

*Gill v. Gulfstream Park Racing Ass'n*, 399 F.3d 391 (1st Cir. 2005); *In re Global Indus. Tech.*, 645 F.3d 201, 212 (3d Cir. 2011).

Here, Appellant was granted IFP on May 15, 2025, but no summons has been issued as of October 10, 2025 (153 days later). The district court ignored a motion to compel summons (Dkt. 13), emergency notice of judicial paralysis (Dkt. 16), and multiple ADA-related filings. Such judicial silence amid known constitutional harm is not interlocutory delay but a functional denial of access to court.

B. The Panel Failed to Address Title II ADA Protections and Constitutional Violations

The panel opinion is silent on Appellant's arguments that her claims arise under Title II of the ADA, 42 U.S.C. § 12203 (retaliation), and the First and Fourteenth Amendments. These rights are not procedural; they are substantive guarantees of equal access to the courts. See *Tennessee v. Lane*, 541 U.S. 509 (2004); *United States v. Georgia*, 546 U.S. 151, 157 (2006).

By dismissing the appeal without engaging these constitutional dimensions, the panel permits a procedural mechanism to override fundamental rights. This sets a dangerous precedent for disabled litigants and pro se civil rights plaintiffs.

C. Exceptional Importance: Systemic Denial of Court Access to ADA and Civil Rights Plaintiffs

This case implicates a broader issue: whether disabled, pro se civil rights litigants can ever obtain appellate review of judicial paralysis that functionally denies them access to court.

If allowed to stand, the panel's decision will:

- Incentivize courts to evade review by delaying summons and refusing rulings;
- Allow civil rights claims to languish without process or adjudication;
- Undermine protections guaranteed under the ADA and Constitution.

This question meets the exceptional importance standard of Rule 35(a)(2).

III. RELIEF REQUESTED

Appellant respectfully requests that the full Court:

1. Grant rehearing en banc;
2. Reverse the dismissal order and reinstate this appeal;
3. Hold that prolonged judicial inaction after granting IFP status constitutes a constructive final order under § 1291;

4. In the alternative, remand with instruction to the district court to issue summons and resolve pending ADA and emergency motions without further delay.

Respectfully submitted, Dated: October 10, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25 and 10th Cir. R. 25.3, I hereby certify that on this 7th day of October 2025, I caused a true and correct copy of the foregoing;

• PETITION FOR EN BANC REHEARING UNDER FED. R. APP. P. 35 AND 10TH CIR. R. 35.1

to be served by electronic filing via CM/ECF to the following recipients:

No summons has been issued by the district court as of the date of this filing.

Therefore, service to unserved parties is not possible until the district court fulfills its duty under Fed. R. Civ. P. 4(b) and 4(c)(3). Appellant reaffirms this Court’s jurisdiction over the constructive denial of access caused by that inaction.

Respectfully submitted,

/s/ Angeliina Lawson

Angeliina Lawson, Pro Se